UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARCO Z., INDIVIDUALLY;

     Plaintiff,

v.                       No.  SA-20-CV-00351-JKP

UNITEDHEALTHCARE INSURANCE
COMPANY, FORMA AUTOMOTIVE,
LLC,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants UnitedHealthcare Insurance Company ("UnitedHealthcare") and Forma Automotive's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the Motion and Plaintiff Marco Z's Response, the Court concludes the Motion to Dismiss shall be GRANTED WITH LEAVE TO AMEND COMPLAINT.

## UNDISPUTED FACTUAL BACKGROUND

This case originated in this federal court based upon federal question jurisdiction. Marco Z does not dispute that the health plan at issue is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Further, it is undisputed that at the time of the incident forming the basis of this action Marco Z was a beneficiary of the subject ERISA health plan ("the Plan") established and maintained by Forma Automotive and administered by UnitedHealthcare.

Marco Z sustained gastrointestinal medical problems while in Mexico which required surgery and extensive hospitalization from May 12, 2017 to June 24, 2017. Marco Z assigned any insurance benefits he was entitled to receive under the Plan to Hospital Regional Del Rio ("the

Hospital"), which is not a network provider under the Plan. As a non-network provider, it has no express contract with UnitedHealthcare establishing payment for medical services provided to beneficiaries of the Plan.

Subsequently, the Hospital, a foreign company, employed Med X, a domestic claims adjustment and billing company, to obtain any medical insurance benefits due Marco Z under the assignment. After some time, UnitedHealthcare declined payment of any benefits, stating as a reason in an Explanation of Benefits Statement (EOB) dated November 20, 2019, "[w]e have not received all the requested information needed to process your claim."

Marco Z filed this action in this federal court asserting causes of action for (1) compelled production of the administrative record and award of penalty pursuant to ERISA, 29 U.S.C § 1024(B), §1132(c)(1) and 29 C.F.R 2575.502c-1; (2) breach of contract as to denial of insurance benefits under the Plan; (3) unjust enrichment; (4) quantum meruit; (5) violation of Texas Insurance Code § 1301.0053 for failure to properly compensate a medical provider; (6) violation of Texas Insurance Code § 541, the Texas Unfair Compensation and Unfair Practice Act, for refusing to pay a claim without conducting a reasonable investigation; and (7) violation of Texas Insurance Code § 542, the Texas Prompt Payment of Claims Act. Marco Z attached to the Complaint a copy of the Plan and correspondence between the parties prior to the EOB letter.

Defendants now move under Federal Rule 12(b)(6) to dismiss all state-law causes of action (claims (2) – (7)) based upon the complete preemption doctrine, conflict preemption doctrine and failure to state a claim upon which relief may be granted. Defendants also move under Federal Rule 12(b)(6) to dismiss the federal cause of action asserted under ERISA (claim (1)) as a matter of law based upon Marco Z's failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a motion to dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D. Tex. 1998).

A court addressing a motion under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

## ANALYSIS

### I.      ERISA Complete Preemption

Defendants argue Marco Z's state-law causes of action are completely preempted by ERISA and, therefore, must be dismissed for failure to state a claim upon which relief may be granted. Because the Hospital is a non-network provider, Defendants contend Marco Z's only right of recovery is based on the terms of the Plan. Thereby, ERISA's preemptive force mandates Marco Z may only assert any right to recovery as an ERISA enforcement action, that is, a right to payment, pursuant to 29 U.S.C § 1132.  Because Marco Z does not assert an allowed enforcement action under ERISA § 1132, but only state-law claims, and his state-law claims are completely preempted by ERISA, the Complaint fails to state a claim upon which relief can be granted.

Marco Z responds that Defendants mischaracterize the basis of his complaints as "right of payment" to necessarily place the asserted state-law causes of action under ERISA preemption principles. Rather, Marco Z argues, Defendants gave no coverage-based reasons for denial of his claims for benefits in the final EOB letter, and therefore, the basis of his state-law causes of action is a "rate of payment" dispute. Marco Z argues any causes of action arising from a "rate of payment" dispute created under an ERISA plan are not subject to ERISA complete preemption. Marco Z presents a novel argument that, even though he was paid $0 on his submitted claims, his cause of action is a "rate of payment" claim, in which the rate of payment was 0%, because UnitedHealthcare gave no coverage-based reason for its payment of $0.

### A.  General Preemption Principles

Congress may enact legislation to preempt a particular field of law, transforming all claims arising in that field to federal in nature. *See Arizona v. United States*, 567 U.S. 387, 398 (2012); *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). Within this power, Congress created an exclusive civil

enforcement scheme for employee welfare benefit plans, ERISA, 28 USC § 502, et seq., to provide a uniform regulatory regime. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). To this end, as a safeguard, ERISA contains two separate and procedurally distinct preemption provisions: (1) complete preemption pursuant to 29 U.S.C. § 1132(a); and (2) conflict preemption pursuant to 29 U.S.C. § 1144(a). *Giles*, 172 F.3d at 336.

The scope of complete and conflict preemption under ERISA are very similar but not exactly the same. *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 438-40 (5th Cir. 2003); *Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602-04 (5th Cir. 2006). Here, it appears the parties conflate the two types of ERISA preemption. First, the parties' primary dispute focuses on the issue whether complete preemption applies to support dismissal of the state law claims under Federal Rule 12(b)(6). Then, Defendants simultaneously argue conflict preemption also applies to support dismissal of the state law claims under Federal Rule 12(b)(6). Marco Z does not specifically respond to the conflict-preemption argument, though presumably, the same rebuttal arguments apply.

Because the parties agree ERISA governs the Plan and is the basis of this Court's original jurisdiction, the Court goes directly into addressing the arguments whether either type of preemption applies. The Court discusses both at length to provide clarity in their distinctions and the parties' conflation of the analysis due each separate and distinct type of preemption.

### B.  Complete Preemption Doctrine

Federal courts hold federal question jurisdiction over all cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a federal court to have "arising under" jurisdiction, or federal question jurisdiction, the plaintiff's federal law claims must appear on the face of the complaint. *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012). This is

referred to as the "well-pleaded complaint" rule. *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Under the "well-pleaded complaint" rule, if a complaint pleads only state law claims, a federal court does not have federal-question jurisdiction. *McKnight*, 676 F.3d at 430; *Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir. 2008).

Section 502(a) of ERISA imposes complete preemption in the area of law involving employee welfare benefit plans defined therein. *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 208 (2004); *see* 29 U.S.C. §1132(a). As such, the complete preemption doctrine creates a narrow exception to the well-pleaded complaint rule in a case that falls within the scope of ERISA. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *McKnight*, 676 F.3d at 430. Under this narrow exception, state-law causes of action that duplicate or fall within the scope of the ERISA statutory remedy are converted, or transformed, to a federal claim for purposes of the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. at 209; *Lone Star OB/GYN Associates v. Aetna Health Inc*., 579 F.3d 525, 529 (5th Cir. 2009). Thus, pursuant to this narrow exception, even if the plaintiff did not plead another federal cause of action on the face of the complaint, the state-law causes of action become federal in character to bestow federal question jurisdiction for removal purposes. *Giles*, 172 F.3d at 336–37 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. at 64–65).

The Supreme Court first articulated and created the doctrine of complete preemption under Section 502(a) of ERISA as a basis for federal-question removal jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. at 63-65; *see also Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F.3d 941, 945 (9th Cir. 2009). Thus, from its origin, complete preemption under ERISA Section 502(a) exists and applies solely as an exception to the well pleaded complaint rule, and thereby arises within the procedural posture of a motion to remand a case that originated in state court but

was removed to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. at 63-65; *Aetna Health Inc. v. Davila*, 542 U.S. at 207–08; *Arana v. Ochsner Health Plan*, 338 F.3d at 437-38. As applied, complete preemption is a jurisdictional determination, rather than a true preemptive doctrine, because it authorizes removal of a case to federal court even if the complaint asserts solely state law claims and because application of the complete preemption doctrine necessarily informs whether federal question jurisdiction exists in the removal context. *Aetna Health Inc. v. Davila*, 542 U.S. at 209; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. at 65–66.

## C. Application

Because it was created and is applied as a mechanism to confer federal question jurisdiction solely in the removal context, complete preemption under ERISA Section 502 does not apply to a case that originates in federal court. *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 779 (S.D. Tex. 2014); *see also Ford v. Freemen*, 388 F. Supp. 3d 692, 699 (N.D. Tex. 2019); *Loffredo v. Daimler AG*, 500 Fed. Appx. 491, 501 (6th Cir. 2012)(Moore, J., concurring in the judgment). Further, complete preemption is inapplicable in a case where federal question jurisdiction is not in dispute. *Haynes v. Prudential Health Care*, 313 F.3d 330, 334 (5th Cir. 2002) (declining to conduct a complete preemption analysis where diversity jurisdiction already existed); *Pensado v. Life Ins. Co. of N. Am.*, 1:19-CV-157-LY, 2019 WL 4889807, at *4 (W.D. Tex. Oct. 3, 2019)(J. Hightower Report and Recommendation adopted 1/10/2020)(declining to conduct complete preemption analysis because federal jurisdiction was not in dispute); *Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.*, 5-16-CV-01094-FB-RBF, 2018 WL 4211742, at *7 (W.D. Tex. Sept. 4, 2018)(J. Farrer Report and Recommendation)(same); *Hall v. NewMarket Corp.*, 747 F. Supp. 2d 711, 715 (S.D. Miss. 2010)(same).

This case originated in this federal court, Marco Z asserted state law causes of action and a federal cause of action from its inception, and the parties do not dispute the validity of federal jurisdiction. Therefore, complete preemption under ERISA Section 502 does not apply under these facts, and analysis for complete preemption is unnecessary for purposes of establishing federal jurisdiction and is not a proper basis for dismissal of certain state-law claims from the case. *See Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d at 779; *Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.*, 2018 WL 4211742, at *7. Accordingly, the parties' arguments pertaining to complete jurisdiction under ERISA § 502(a) are misplaced.

## II.   ERISA Conflict Preemption

Defendants argue conflict preemption requires dismissal under Federal Rule 12(b)(6) of each state law cause of action on the basis of conflict preemption. Marco Z does not specifically address this argument pertaining to conflict preemption, asserting the "rate of payment" premise as a general rebuttal to application of both types of preemption.

### A.  Conflict Preemption Principles

Conflict preemption arises when a federal law conflicts with state law, thereby providing a federal defense to a state law cause of action. However, unlike complete preemption, conflict preemption does not completely preempt the field of state law so as to transform a state law cause of action in a federal one. *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003). Thus, conflict preemption is not a jurisdictional question, but provides a federal affirmative defense to a state-law cause of action. *Id.*; *Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 337 (5th Cir. 1999). In this format, conflict preemption provides a mechanism for dismissal of a state law cause of action. *Kersh v. UnitedHealthcare Ins. Co.,* 946 F. Supp. 2d 621, 631 (W.D. Tex. 2013);

*Cardona v. Life Ins. Co. of N. Am.*, CIVA309-CV-0833-D, 2009 WL 3199217, at *9 (N.D. Tex. Oct. 7, 2009).

Conflict preemption finds its source in ERISA Section 514, which states in part that with certain exceptions, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit." 29 U.S.C. §1144(a). Under this provision, a state-law cause of action that "relates to" an ERISA plan is preempted "even if the action arises under general state law that in and of itself has no impact on employee benefit plans." *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292 n.5 (5th Cir. 1989); *Hernandez v. Metro. Life Ins. Co.,* 5:19-CV-37-DAE, 2019 WL 2563836, at *3 (W.D. Tex. Apr. 11, 2019). Whether ERISA conflict preemption applies to a state-law cause of action turns on whether it is dependent on, and derived from, the rights of the plan beneficiaries to recover benefits under the terms of the plan. *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.,* 662 F.3d 376, 383 (5th Cir. 2011). The broadly-worded language of ERISA Section 514 is "clearly expansive" such that a state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 146-47 (2001) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655 (1995) and *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97 (1983)).

However, ERISA's broad reach is not limitless. *Rozzell v. Security Servs.,* 38 F.3d 819, 822 (5th Cir. 1994). There are state law claims that are "too tenuous, remote, or peripheral ... to warrant a finding that the [state] law relates to the plan." *Shaw*, 463 U.S. at 100 n.21; *Hernandez*, 2019 WL 2563836, at *3. Therefore, a court should decline to apply an "uncritical literalism" to the phrase and instead should take the "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of

the state law on ERISA plans." *Egelhoff,* 532 U.S. at 146-47; *Bank of Louisiana v. Aetna U.S. Healthcare Inc.,* 468 F.3d 237, 241 (5th Cir. 2006).

Congress's objectives in enacting ERISA were to "protect interstate commerce and the interests of participants . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). To this end, ERISA's conflict preemption provision is intended "to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." *Egelhoff,* 532 U.S. at 148 (quoting *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 9 (1987)). This uniform administrative scheme serves to minimize administrative and financial burdens by avoiding the need to tailor plans to the peculiarities of the law of each state. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 142 (1990); *Bank of Louisiana*, 468 F.3d at 241–42.

In light of these statutory objectives, courts apply a two-prong test to determine whether asserted state law causes of action relate to an ERISA Plan, mandating conflict preemption: (1) the state law causes of action must address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the causes of action must directly affect the relationship among traditional ERISA entities, i.e. the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995).

Because conflict preemption is an affirmative defense, defendants must plead it and bear the burden of proof. *See Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 473 (5th Cir. 2013). *Fisher v. Halliburton,* 667 F.3d 602, 609 (5th Cir. 2012). Here, Defendants have not yet

filed and answer. In such case, conflict preemption may be the basis of a Federal Rule 12(b)(6) motion only if the complaint, itself, establishes the applicability of the conflict-preemption affirmative defense. *Simmons*, 732 F.3d at 473; *Bank of Louisiana*, 468 F.3d at 242.

### B.  Application

#### 1.  Prong Two: Whether the causes of action directly affect the relationship among traditional ERISA entities

The Court will address the second prong first, as it pertains to every asserted state-law cause of action.

Here, the Complaint and parties' admissions show this case and the asserted causes of action directly affect the relationship among traditional ERISA entities: Forma Automotive, as the employer; the undisputed ERISA Plan; UnitedHealthcare as fiduciary administrator, and; Marco Z as an undisputed beneficiary of the Plan through his parent's coverage. *See Memorial Hospital System v. Northbrook Life Ins. Co*., 904 F.2d at 245. *Hubbard*, 42 F.3d at 945; *Bank of Louisiana v. Aetna U.S. Healthcare Inc.,* 468 F.3d at 243; *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 874 (W.D. Tex. 2001).

Therefore, the Complaint and parties' admissions establish compliance with the second prong of conflict-preemption analysis.

#### 2.  Prong One: Whether the state-law causes of action address an area of exclusive federal concern

Under the first prong of the conflict preemption test, a cause of action implicates an area of exclusive federal concern when the very essence of the cause of action is premised on the existence of an employee benefit plan: *See Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1220 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). If the cause of action would not exist or could not be asserted if the ERISA plan did not exist, then it must address an area of exclusive federal concern,

that is, ERISA. *See id.; Gibson v. Wyatt Cafeterias, Inc.,* 782 F.Supp. 331, 335 (E.D.Tex. 1992);

*Lee v. E.I. DuPont de Nemours & Co.*); *Franks*, 164 F. Supp. 2d at 874. It is well settled that the

distribution of benefits and the right to receive benefits under the terms of an ERISA plan are an

area of exclusive federal concern. *See Hubbard* 42 F.3d at 945; *Weaver*, 13 F.3d at 176; *Memorial

Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d at 245.

### i.   Breach of Contract (as to Insurance Benefits)

To support his second cause of action, breach of contract, Marco Z alleges that in exchange

for the payment of premiums, Defendants provided health insurance to Marco Z under the Plan,

which is a binding and enforceable contract under the laws of Texas. The subject medical services

were covered under the terms of the Plan, and under these terms, Defendants held a duty to

properly compensate Marco Z. Marco Z alleges Defendants should have paid the Hospital pursuant

to the terms of the Plan, and by failing to do so, they breached the terms of the Plan. *ECF No. 1,

pp. 12-13*.

By the language used in asserting this cause of action, it is clear the very essence of this

cause of action depends upon the existence of the subject ERISA Plan. Regardless of the reason

for denial of the submitted medical claims or refusal to pay any medical claims, Marco Z's breach

of contract claim arises from the existence of the Plan and can only be determined by examination

of its terms and conditions. Marco Z would not be entitled to any medical benefits, and UnitedH-

ealthcare would not be obliged to reimburse the Hospital, were it not for the existence of the Plan.

Marco Z could recover under this cause of action only to the extent the Plan confers a right to

coverage for the services provided.

Consequently, the Complaint and parties' admissions establish compliance with the first

prong of the conflict-preemption analysis with regard to the breach of contract cause of action.

The parties do not dispute the Plan is an ERISA-governed plan, and based upon the allegations in the Complaint, the Court concludes Marco Z's breach of contract cause of action is premised on the right to recover under an ERISA plan, and this cause of action directly affects the relationship between traditional ERISA entities. Consequently, the Complaint and the parties' admissions demonstrate these causes of action relate to an ERISA Plan and are subject to conflict preemption.

For these reasons, Marco Z fails to state a claim upon which relief may be granted with regard to his breach of contract cause of action, and it shall be dismissed.

### ii.    Unjust Enrichment and Quantum Meruit

To support his third cause of action, unjust enrichment, Marco Z alleges the Hospital conferred a direct benefit to Defendants by providing medical care to Marco Z, which he was entitled to receive under the terms of the Plan. Marco Z cites to specific provisions of the Plan which support his entitlement to the medical services provided. Marco Z alleges Defendants incurred benefits by the Hospital's services of supporting Marco Z's good health and minimizing future medical expense. By underpaying his claim for benefits due under the Plan, Marco Z alleges Defendants incurred a windfall in that they collected premiums in return for agreeing to properly compensate medical providers, yet wrongfully withheld benefits. Because Defendants refused to properly compensate the Hospital via a proper rate of payment to Marco Z under the Plan, Marco Z alleges it is unjust under the circumstances for Defendants to not pay the submitted medical claims. *ECF No. 1, pp. 14-15.*

To support his fourth cause of action, quantum meruit, Marco Z alleges the Hospital conferred a direct benefit on Defendants by providing Marco Z with medical services, which he was entitled to receive under the Plan, as evidenced by UnitedHealthcare's non-coverage related EOB.

Marco Z alleges he was entitled to the medical services under the terms of the Plan and cites to specific provisions which support this allegation. *ECF No. 1, pp. 16-18.*

These two causes of action are based upon the same premise: Marco Z challenges Defendants' failure to pay benefits on medical claims he asserts he was entitled to receive pursuant to the terms of the Plan. Regardless of the reason for denial of the submitted medical claims or refusal to pay any medical claims, Marco Z's unjust enrichment and quantum meruit causes of action rely on the alleged violation of a promise made in the subject ERISA plan. The very essence of these causes of action depend upon the existence of the subject ERISA Plan. Marco Z would not be entitled to any medical benefits, and UnitedHealthcare would not be obliged to reimburse the Hospital, were it not for the existence of the Plan. Marco Z attempts to use the quantum meruit and unjust enrichment causes of action to challenge the right to receive benefits under the Plan. Marco Z could recover under these causes of action only to the extent the Plan confers a right to coverage for the services provided.

Consequently, the Complaint and parties' admissions establish compliance with the first prong of conflict-preemption analysis with regard to the unjust enrichment and quantum meruit causes of action.

Further, the Fifth Circuit summarily finds conflict preemption applies to quantum meruit and unjust enrichment causes of action, holding,

> "[t]hose claims, if not preempted, would allow any provider who has provided care for which the ERISA plan denied coverage to challenge the ERISA plan's interpretation of its policies in state court. That outcome would run afoul of Congress's intent that the causes of action created by ERISA be the exclusive means of enforcing an ERISA plan's terms, and permit state law to interfere with the relations among ERISA entities.

*Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 386–87 (5th Cir. 2011), ad-

hered to on reh'g en banc, 698 F.3d 229 (5th Cir. 2012); *see also Emergency Health Ctr. at Wil-*

*lowbrook, L.L.C. v. UnitedHealthcare of Tex., Inc.*, 892 F. Supp. 2d 847, 860 (S.D. Tex. 2012).

The parties do not dispute the Plan is an ERISA-governed plan, and based upon the alle-

gations in the Complaint, the Court concludes Marco Z's quantum meruit and unjust enrichment

causes of action are premised on the right to recover under an ERISA plan, and these causes of

action directly affect the relationship between traditional ERISA entities. Consequently, the Com-

plaint and the parties' admissions demonstrate these causes of action relate to an ERISA Plan and

are subject to conflict preemption.

For these reasons, Marco Z fails to state a claim upon which relief may be granted with

regard to his unjust enrichment and quantum meruit causes of action, and these shall be dismissed.

### iii.        Violations of Texas Insurance Code

Marco Z's fifth, sixth and seventh causes of action allege violations of the Texas Insurance

Code, Tex. Ins. Code § 541.060, <u>et seq</u>. Marco Z alleges Defendants violated (1) Texas Insurance

Code § 1301.0053 for failure to properly compensate a medical provider; (2) Texas Insurance

Code § 541, the Texas Unfair Compensation and Unfair Practices Act, by refusing to pay a claim

without conducting a reasonable investigation; and (3) Texas Insurance Code § 542, the Texas

Prompt Payment of Claims Act by failing to affirm or deny coverage of the claim within a reason-

able time. *ECF No. 1, pp. 18-22*.

In general, analysis whether causes of action based upon violation of the Texas Insurance

Code are subject to conflict preemption is the same as with any other state-law claim: a court must

ask whether the cause of action addresses an area of exclusive federal concern and whether it

directly affects the relationship between the traditional ERISA entities. *Hubbard*, 42 F.3d at 945;

*Hernandez*, 2019 WL 2563836, at *4. While most causes of action brought under the Texas Insurance Code are preempted by ERISA because these primarily pertain to distribution of benefits and the right to receive benefits, such preemption is not automatic. *See Transitional Hospital Corp. v. Blue Cross*, 164 F.3d 952, 955 (5th Cir. 1999). Causes of action under the Texas Insurance Code are not preempted where the claim is not premised on the right to recover under the terms of an ERISA plan, such as common-law misrepresentation. *See id.*

Marco Z's causes of action based in violations of the Texas Insurance Code all derive from Defendants' alleged failure to distribute benefits under the Plan. Specifically, Marco Z alleges the services provided by the Hospital were "covered" services pursuant to Section 1301.0053. *ECF No. 1, 18-19*. Marco Z alleges Section 1301.0053 requires Defendants to properly compensate the Hospital, yet they provided gross underpayment. Marco Z alleges this underpayment violates Section 1301.0053. *Id.*

Marco Z alleges Defendants violated Texas Insurance Code Sections 541.051, 541.060, 541.061, and 541.151 by refusing to pay his claims for medical benefits without conducting a reasonable investigation. *ECF No. 1, pp. 20-21*. Marco Z alleges Defendants failed to effectuate a prompt, fair and equitable settlement of the medical claims and failed to affirm or deny coverage of the claims pursuant to the terms of the Plan within a reasonable time. *Id.* Marco Z alleges Defendants misrepresented the terms of the Plan be "stating that payment under the [Plan] for services rendered were worth $0.00." *Id.*

Marco Z alleges Defendants violated Texas Insurance Code Section 542.060 by accepting premiums but refusing to pay benefits due under the Plan without reasonable basis. *ECF No. 1, pp. 21-22*. By doing so, Marco Z alleges Defendants took advantage of his lack of knowledge, ability, experience, and capacity to a grossly unfair degree. *Id.*

The inherent basis of all of Marco Z's causes of action for violations of the Texas Insurance Code are: (1) he held medical insurance coverage under the Plan; (2) he incurred medical care covered by the Plan; and (3) Defendants failed and refused to pay the Hospital as contractually obligated under the Plan. By their very nature and the language Marco Z used to assert them, the causes of action under the Texas Insurance Code all derive from Defendants' alleged failure to determine, provide, and distribute benefits under the Plan. The very essence of each of these causes of action is a challenge to the distribution of benefits and the right to receive benefits under the terms of the Plan. The assertion of these causes of action are premised on the existence of an employee benefit plan. Defendants would hold no obligation to act under the terms of the Texas Insurance Code outside the existence of the Plan. These causes of action would not exist and could not be asserted if the ERISA Plan did not exist. Whether guised in terms of a "rate of payment" dispute or a "right of payment" dispute, all of these causes of action are premised on Defendants' actions or failure to act pursuant to their obligations under the ERISA Plan.

The parties do not dispute the Plan is an ERISA-governed plan, and based upon the allegations in the Complaint, the Court concludes Marco Z's causes of action under Texas Insurance Code § 541, § 542, and § 1301.0053 are premised on the right to recover under an ERISA plan and these causes of action directly affect the relationship between traditional ERISA entities. Consequently, the Complaint and the parties' admissions demonstrate these causes of action relate to an ERISA Plan and are subject to conflict preemption.

Further, the Fifth Circuit and district courts within this circuit have repeatedly held similar state-law claims for violation of the Texas Insurance Code are subject to conflict preemption. *See e.g., Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 277-78 (5th Cir. 2004); ("claims grounded in violations of [Tex. Ins. Code. Ann. Arts. 21.21 and 21.55] are preempted by ERISA");

*Menchaca v. CNA Group Life Assur. Co.,* 331 Fed. Appx. 298, 304 (5th Cir. 2009)(upholding dismissal of claims alleging Insurance Code and duty of good faith and fair dealing violations); *Ramirez v. Inter-Cont'l Hotels*, 890 F.2d 760, 763-64 (5th Cir. 1989) (stating "[w]e thus join three of our sister circuits and numerous district courts in holding that ERISA preempts state statutes that provide a private right of action for the improper handling of insurance claims," and dismissing DTPA and Insurance Code claims); *Hernandez*, 2019 WL 2563836, at *4; *Richardson v. Aetna Life Ins. Co*., 2001 WL 1661699, at *5 (N.D.Tex. Dec.26, 2001).

For these reasons, Marco Z fails to state a claim upon which relief may be granted with regard to the alleged violations of the Texas Insurance Code in his fifth, sixth, and seventh causes of action, and these shall be dismissed.

### 3.  Conclusion

Because conflict preemption is an affirmative defense, usually the burden falls upon defendants to allege facts in their Answer to support it. *See Bennett v. Louisiana Health Serv. & Indem. Co.*, No. 19-185, 2020 WL 1536342, at *3 (M.D. La. Mar. 31, 2020). A plaintiff is not required to anticipate and plead the negation of an affirmative defense. Consequently, dismissal under Federal Rule 12(b)(6) based upon an affirmative defense is only appropriate if an affirmative defense appears on the face of the complaint.

For the reasons stated, upon application of the two-prong conflict preemption test, the Court concludes the allegations in the Complaint show the existence of both elements. Accordingly, conflict preemption applies to all of Marco Z's state-law causes of action. However, as stated below, the Court finds ample basis to allow amendment of the Complaint.

### III.     Petition to Compel Production of Administrative Record

In his first cause of action Marco Z alleges Med X asked Defendants to provide the administrative record and documentation germane to his medical claims to learn the reasons for the claim delay and to foster the appropriate result – full claim payment. Marco Z alleges Defendants violated ERISA Sections 1024(B) and 1132(c) by refusing to provide the administrative record to Med X. Based upon this alleged failure, Marco Z requests this Court compel production of the administrative record and seeks a penalty of $110 per day pursuant to ERISA allowance under these provisions.

Defendants now move to dismiss this cause of action pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

ERISA requires a plan administrator to "furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" upon written request by any plan participant or beneficiary. 29 U.S.C.A. § 1024(b)(4). The broad penalty provision in ERISA Section 502(c)(1)(B) derives from this obligation and allows a court to assess a penalty against any plan administrator that "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator)." 29 U.S.C. § 1132(c)(1)(B). By their terms, both provisions limit the obligation of a plan administrator to provide requested information to only a plan participant or beneficiary. *See id*. Further, Section 1024 does not require production of an "administrative record". *See id*. Finally, a court may only impose penalty for an administrator's failure to provide the documents specifically named upon a written request of a plan participant or beneficiary. *See id*.

Construing the allegations in the Complaint in the light most favorable to Marco Z, it appears he attempts to allege Med X requested documents required by Section 1024(b), and Defendants failed to comply. However, the Complaint falls short of stating a claim upon which relief may be granted. First, Marco Z alleges only that Med X requested "the administrative record." The cited provisions obligate Defendants to provide specific documents upon written request to a participant or beneficiary, which Med X is not. The face of the complaint shows Med X is a third party hired by the Hospital to provide services of "claim adjusting / billing". Second, Marco Z alleges throughout his assertion of this cause of action that Med X requested "the administrative record / germane record". In his request for relief, Marco Z requests the Court compel Defendants "to produce the outstanding administrative record / claim file". ERISA Section 1024 does not require production of these described documents.

Construing Marco Z's allegations liberally, this cause of action lacks facial plausibility because he fails to plead factual content that would allow this Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. at 678. Further, Defendants cannot be liable under the asserted ERISA statutes based upon the alleged conduct.

For these reasons, Marco Z failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Defendants' motion to dismiss Marco Z's first cause of action to compel production of documents under ERISA Sections 1024 and 1132 must be granted.

## IV.    Leave to Amend

"[A] plaintiff's failure to meet the specific pleading requirements should not automatically result in dismissal of the complaint with prejudice to re-filing." *Wright v. Greenpoint Mortgage*

*Funding, Inc.*, W-14-CV-136, 2014 WL 12594196, at *4 (W.D. Tex. Aug. 12, 2014) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000)). Thus, a court should not dismiss a complaint without granting leave to amend, unless the defect is simply incurable or the plaintiff failed to plead with particularity after being afforded repeated opportunities to do so. *Id.*

Because conflict preemption is an affirmative defense, and because allowing amendment would further the underlying purpose of ERISA "to increase the likelihood that participants and beneficiaries under employee benefit plans would 'receive their full benefits,'" this Court will allow Marco Z the opportunity to amend his complaint to assert a cause of action plausible under ERISA or other state law. *See Thompson v. Avondale Indus., Inc.*, No. CIV.A. 99-3439, 2003 WL 359932, at *3 (E.D. La. Feb. 14, 2003) (citing 29 U.S.C. § 1001b(c)(3)).

## CONCLUSION

Upon consideration, the Court concludes Marco Z should be given an opportunity to correct the pleading deficiencies identified by this Memorandum Opinion and Order. Accordingly, the dismissal of Marco Z's claims will be without prejudice to filing an amended complaint.

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**. Marco Z's state-law claims for violations of the Texas Insurance Code, breach of contract, quantum meruit and unjust enrichment are **DISMISSED** as conflict-preempted pursuant to ERISA § 514(a). Marco Z's request to compel production of the administrative record pursuant to ERISA is **DISMISSED** for failure to state a claim upon which relief may be granted. Marco Z has **twenty-one days from the date of this order** to file an amended complaint that asserts a viable cause of action under ERISA. Failure to do so will result in dismissal of this case with prejudice.

It is so ORDERED.
SIGNED this 4th day of November, 2020.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE